UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENISE DROESCH, et al.,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

Defendant.

Case No. 20-cv-06751-JSC

**ORDER RE: WELLS FARGO'S
MOTION FOR RECONSIDERATION**

Re: Dkt. No. 47

Plaintiffs Denise Droesch and Shakara Thompson, on behalf of themselves and all others similarly situated, filed this Fair Labor Standards Act (FLSA) collective action against their former employer Wells Fargo Bank N.A.[1] Wells Fargo moved to compel arbitration of Plaintiff Droesch and certain Opt-in Plaintiffs' claims, which the Court granted. (Dkt. No. 40.) The Court also granted Plaintiff Thompson's motion for conditional certification under Section 216(b) of the FLSA. (Dkt. No. 42.) Wells Fargo thereafter requested leave to file a motion for reconsideration of the portion of the Court's conditional certification order which required notice of the FLSA action to individuals who signed arbitration agreements. (Dkt. No. 45.) The Court granted Wells Fargo's motion for leave to file a motion for reconsideration. (Dkt. No. 46.) The motion is now fully briefed. (Dkt. Nos. 47, 48.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS the motion for reconsideration in part. Wells Fargo will be given the opportunity to show by a preponderance of the evidence that employees signed valid and enforceable arbitration

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 18.)

1  agreements.

2  **DISCUSSION**

3       A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the

4  interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229

5  F.3d 877, 890 (9th Cir. 2000). Thus, "a motion for reconsideration should not be granted, absent

6  highly unusual circumstances, unless the district court is presented with newly discovered

7  evidence, committed clear error, or if there is an intervening change in the controlling law." *389*

8  *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Under Civil Local Rule 7-9(b),

9  a party seeking reconsideration of an interlocutory order must show one of the following: (1) "a

10  material difference in fact or law exists from that which was presented to the Court before entry of

11  the interlocutory order for which reconsideration is sought"; (2) "[t]he emergence of new material

12  facts or a change of law occurring after the time of such order; or (3) [a] manifest failure by the

13  Court to consider material facts or dispositive legal arguments which were presented to the Court

14  before such interlocutory order." N.D. Cal. Civ. L.R. 7-9(b).[2]  In addition, a district court retains

15  jurisdiction to "reconsider its prior rulings so long as it retains jurisdiction over the case." *United*

16  *States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) (citing *City of Los Angeles v. Santa Monica*

17  *Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)).

18       Wells Fargo moves for reconsideration of the portion of the Court's FLSA conditional

19  certification order which deferred ruling on whether employees who had signed arbitration

20  agreements with Wells Fargo should be excluded from the conditional certification order.  (Dkt.

21  No. 42 at 8.)  In doing so, the Court concluded that the question of enforceability of arbitration

22  agreements is better reserved for step two FLSA certification and noted that this was consistent

23  with the approach of other courts in this District.  (*Id.* at 8 (citing *Herrera v. EOS IT Mgmt. Sols.,*

24  *Inc.*, No. 20-CV-01093-LHK, 2020 WL 7342709, at *9 (N.D. Cal. Dec. 14, 2020) (collecting

25  cases))).

26

27  [2] Plaintiffs' argument that Local Rule 7-9 does not apply because it deals with interlocutory orders is misplaced.  Plaintiffs are conflating an interlocutory order—any order before final judgment—

28  with an interlocutory appeal—an appeal of an interlocutory order.  Local Rule 7-9 governs motions for reconsideration of interlocutory orders entered before final judgment.

1    Wells Fargo argues that the Court erred in doing so because here—unlike in *Herrera* and

2    the other cases—the Court has already ruled on the enforceability of the at-issue arbitration

3    agreement. Wells Fargo insists that its records show that of the 34,000 current and former

4    employees who fall within the scope of the Court's Conditional Certification Order, 27,000 have

5    signed binding arbitration agreements. Wells Fargo offers a declaration from Alesha Lusk-Herron

6    who attests that since December 11, 2015, Wells Fargo has required employees to sign arbitration

7    agreements as a condition of employment and that the arbitration agreements have remained

8    substantially the same.[3] (Dkt. No. 47-2 at ¶¶ 3-5.) Under these circumstances, Wells Fargo

9    argues that sending notice to these 27,000 individuals would result in (1) confusion and frustration

10   among those who receive the notice, (2) administrative burdens on the Court to add thousands of

11   individuals who claims must then be stayed; and (3) "manifest injustice" to Wells Fargo by

12   stirring up litigation. (Dkt. No. 47 at 8.)

13   Plaintiffs counter that this evidence is not new and that Wells Fargo could have presented

14   it with its opposition to the certification motion. Plaintiffs also suggest that the Court lacks the

15   ability to reconsider its prior ruling. (Dkt. No. 48 at 13.) As to the latter point, not so. The Court

16   retains inherent authority to modify the FLSA conditional certification order and reconsider its

17   prior rulings. *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) ("[T]he

18   proper means of managing a collective action ... is largely a question of 'case management,' and

19   thus a subject of substantial judicial discretion.") (internal citations omitted); *see also City of Los

20   Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (holding that the "district

21   court[ ha]s power to reconsider its own interlocutory order provided that the district court has not

22   been divested of jurisdiction over the order").

23   The Court thus turns to the merits of Wells Fargo's arguments. While the Ninth Circuit

24

25   _____

[3] The Court will not consider Plaintiffs' separately filed objections to the Declaration of Ms. Luck-
26   Herron or the Declaration of Becky Sanchez as these separate filings violate Civil Local Rule 7-
     3(c), which requires that "[a]ny evidentiary and procedural objections to the motion . . . be
27   contained within the [opposition] brief or memorandum." N.D. Cal. Civ. L.R. 7-3(a). "Courts in
     this district regularly strike separately-filed evidentiary objections and responses for violating
28   Local Rule 7-3." *Go Daddy Operating Co., LLC v. Ghaznavi*, No. 17-CV-06545-PJH, 2018 WL
     1091257, at *14 (N.D. Cal. Feb. 28, 2018) (collecting cases re: same).

1    has not had the opportunity to consider whether FLSA notice should be provided to individuals

2    who signed arbitration agreements, the Seventh and the Fifth Circuits have considered this issue

3    and both have concluded that it is not appropriate to send notice to employees with valid

4    arbitration agreements. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1050 (7th Cir. 2020) ("we

5    conclude that a court may not authorize notice to individuals whom the court has been shown

6    entered mutual arbitration agreements waiving their right to join the action."); *In re JPMorgan*

7    *Chase & Co.*, 916 F.3d 494, 501 (5th Cir. 2019) ("we hold that district courts may not send notice

8    to an employee with a valid arbitration agreement unless the record shows that nothing in the

9    agreement would prohibit that employee from participating in the collective action"). In both

10   *Bigger* and *JPMorgan*, the courts held that the employer must be provided the opportunity to show

11   that the employees entered into a valid arbitration agreement. *Bigger*, 947 F.3d at 1050 ("if a

12   plaintiff contests [the arbitration agreement], then—before authorizing notice to the alleged

13   'arbitration employees'—the court must permit the parties to submit additional evidence on the

14   agreements' existence and validity. The employer seeking to exclude employees from receiving

15   notice has the burden to show, by a preponderance of the evidence, the existence of a valid

16   arbitration agreement for each employee it seeks to exclude from receiving notice."); *JP Morgan*,

17   916 F.3d at 503 ("The court should permit submission of additional evidence, carefully limited to

18   the disputed facts, at the conditional-certification stage. Where a preponderance of the evidence

19   shows that the employee has entered into a valid arbitration agreement, it is error for a district

20   court to order notice to be sent to that employee as part of any sort of certification.").

21         A similar pragmatic approach is warranted here. First, in opposing Wells Fargo's motion

22   to compel arbitration, Plaintiffs' arguments—which the Court rejected—related entirely to the

23   alleged procedural and substantive unconscionability of the arbitration agreement; that is,

24   Plaintiffs did not argue that there was something beyond the agreement itself or unique to

25   Plaintiffs which precluded enforcement of the agreements. (Dkt. No. 30.) Nor do Plaintiffs

26   suggest in their motion for reconsideration opposition that there might be individual issues which

27   preclude enforcement of the nearly identical arbitration agreements allegedly signed by these

28   27,000 individuals.

4

1          Second, that Wells Fargo moved to compel arbitration early—rather than after the FLSA

2   class had been conditionally certified—weighs in favor of reconsideration of the scope of notice.

3   Wells Fargo moved to compel arbitration the day before Plaintiffs moved for conditional

4   certification and the Court set both motions for hearing the same day. (Dkt. Nos. 28, 29, 33.) The

5   Court ultimately vacated the hearing and granted both motions on the same day. (Dkt Nos. 40,

6   41.) The Court thus will not fault Wells Fargo—as Plaintiffs suggest it should—for not raising in

7   its opposition to the motion for conditional certification the issues that it now raises. At the time

8   Wells Fargo filed its opposition, the Court had not ruled on the motion to compel arbitration. That

9   the Court was simultaneously considering the arbitration question and the conditional certification

10  question distinguishes this case from the cases upon which Plaintiff relies—and those the Court

11  cited in its Conditional Certification Order. *See, e.g.*, *Herrera v. EOS IT Mgmt. Sols., Inc.*, No.

12  20-CV-01093-LHK, 2020 WL 7342709, at *10 (N.D. Cal. Dec. 14, 2020) (reserving question of

13  whether notice to individuals with arbitration agreements was appropriate where defendants had

14  not moved to compel arbitration); *Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 969

15  (N.D. Cal. 2017) (same).

16         Third, given that the Court has now ruled on the enforceability of the arbitration

17  agreement, it would make little sense to provide notice to 27,000 individuals whose claims appear

18  barred from being prosecuted here. *Bigger*, 947 F.3d at 1050 ("In the specific situation where the

19  court has been shown certain individuals may not join the action, it may be inefficient to send

20  notice to those people—because the notice may serve only to prompt futile attempts at joinder or

21  the assertion of claims outside the collective proceeding.").

22         Accordingly, the Court will allow Wells Fargo the opportunity to present evidence in

23  support of its argument that 27,000 of the employees in the collective action signed valid and

24  enforceable arbitration agreements. In accordance with Wells Fargo's offer to allow Plaintiffs to

25  propound discovery (Dkt. No. 47 at 15), and in the interests of fairness, Plaintiffs shall be

26  permitted obtain limited discovery—including documents and a Rule 30(b)(6) deposition—

27  regarding this issue. The parties shall meet and confer to develop a discovery plan. The parties

28  shall also meet and confer regarding whether notice should be sent to the remainder of the class in

5

the interim or whether a tolling agreement can be reached so that the appropriate class members are not prejudiced by any delay in notice.  The parties shall file a joint statement regarding their meet and confer efforts and their proposed joint or competing plan(s) for discovery and notice by July 22, 2021.  The Court sets a video Status Conference for July 29, 2021 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated:  July 6, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

6