UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE DROESCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 20-cv-06751-JSC<br><br>**ORDER RE: PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT**<br><br>Re: Dkt. No. 66 |

Plaintiffs Denise Droesch and Shakara Thompson, on behalf of themselves and all others similarly situated, brought this wage and hour action against their former employer Wells Fargo Bank N.A. The Court subsequently granted Wells Fargo's motion to compel arbitration as to Plaintiff Droesch and certain Opt-in Plaintiffs, and granted Plaintiff Thompson's motion for conditional certification under Section 216(b) of the Fair Labor Standards Act ("FLSA").[1] (Dkt. Nos. 40, 42.[2]) Following issuance of an FLSA opt-in notice to the 7,257-person collective, Plaintiffs filed the now pending motion to amend the complaint to add additional named plaintiffs and an Arizona state law claim. (Dkt. No. 66.) After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the December 16, 2021 hearing, and GRANTS the motion to amend.

## DISCUSSION

A motion for leave to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7, 13.)
[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

1  Civ. P. 15(a)(2).  However, where the Court has entered a scheduling order which establishes a
2  timetable for amendment of the pleadings, the Rule 16 good cause standard applies.  *Johnson v.*
3  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Although the Court issued an
4  order here setting a deadline for Plaintiffs to amend their complaint, the Court applies the Rule
5  15(a)(2) standard because the Court's order was not a scheduling order setting case deadlines
6  including a deadline to seek leave to amend, but was instead an order setting a briefing schedule
7  for Plaintiffs' motion for conditional certification and to file an amended complaint in advance
8  based on Plaintiffs' representation at the January 7, 2021 Case Management Conference that they
9  intended to do so.  (Dkt. Nos. 20, 21.)  Further, neither party argues that Rule 16 applies.

While Rule 15(a) is "very liberal," the "court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330–31 (1971). A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc*., 170 F.3d 877, 880 (9th Cir. 1999).

Plaintiffs seek leave to amend the complaint to (1) add two additional named plaintiffs—Kyonna Harrison and Shana Goins—and, (2) plead a wage claim under Arizona law on behalf of an Arizona class.  Plaintiffs contend that this amendment is proper because Ms. Harrison will replace Ms. Droesch as the class representative for the proposed California class, and Ms. Goins will represent the proposed Arizona class.[3]  Plaintiffs maintain that they only identified Ms. Harrison and Ms. Goins following issuance of the FLSA opt-in notice and have acted diligently in moving to amend the complaint.  Wells Fargo opposes amendment on the grounds that Plaintiffs' request is tardy and will unduly delay the action, thus prejudicing Wells Fargo.  The Court concludes that leave to amend is appropriate as set forth below.

---

[3] Although the Court stayed Plaintiff Droesch's claims in the arbitration order, Plaintiffs' proposed amended complaint omits her claims altogether.

2

### 1. No Evidence of Undue Delay

Wells Fargo's opposition to Plaintiffs' motion largely rests on an argument that Plaintiffs unduly delayed in moving to amend which has prejudiced Wells Fargo. Contrary to Wells Fargo's argument, although this action has been pending for over a year, the case is still in its earlier stages. There is no fact discovery deadline and, indeed, no case schedule as the parties proposed, and the Court agreed, to resolve Plaintiffs' motion for conditional certification first. (Dkt. Nos. 18, 20, 21.) While the Court set a deadline of February 5, 2021 for Plaintiffs to file an amended complaint, as discussed above, that deadline was based on Plaintiffs' representation at the January 7, 2021 Case Management conference that they intended to add an additional California named plaintiff given Wells Fargo's representation that Plaintiff Droesch had signed an arbitration agreement. (Dkt. No. 23 at 8-10.) After Plaintiffs so stated, they instead elected to oppose the motion to compel arbitration. Although ultimately unsuccessful, Plaintiffs explain that they did not immediately move to amend following the order compelling arbitration because the parties were simultaneously briefing Plaintiffs' conditional certification motion and then subsequently briefing Wells Fargo's motion for reconsideration of the Court's order granting the motion to certify. Plaintiffs waited to seek leave to add a California representative because of the uncertainty regarding the Court's certification order. (Dkt. No. 72 at 4.) They contend that they promptly notified Wells Fargo of their intent to amend on October 14, 2021, shortly after they identified Ms. Harrison and Ms. Goins following their FLSA opt-ins. (Dkt. No. 66-2 at ¶¶ 13-14.) Under these circumstances, Plaintiffs did not unduly delay in seeking to amend the complaint. *See Owens*, 244 F.3d at 712–13 (finding no unreasonable delay because appellee moved to amend as soon as it became aware of an applicable defense).

### 2. Amendment Will Not Materially Prejudice Wells Fargo

Nor is there evidence of material prejudice to Wells Fargo. This is not a case where Plaintiffs are seeking to amend the complaint on the eve of the close of discovery. Indeed, the parties' October 14, 2021 joint case management statement anticipated that both sides would need to conduct additional discovery following the close of the FLSA opt-in period. (Dkt. No. 63.) Nor is there a deadline by which Wells Fargo is required to move for decertification. Further,

1  Plaintiffs seek leave to add a representative for claims that were pled in the original complaint on
2  behalf of the California class and a representative to plead related claims under Arizona law.
3  While these additions will doubtless increase the discovery, because such discovery is in its early
4  stages there is no substantial prejudice to Wells Fargo. *See, e.g.*, *Vineyard Investigations v. E. &*
5  *J. Gallo Winery*, No. 19-01482 NONE SKO, 2021 WL 4896199, at *3 (E.D. Cal. Oct. 20, 2021)
6  ("Resolution of the case will undoubtedly be delayed if claims based on the '881 Patent are added,
7  but 'a mere pendency in the resolution of claims does not constitute substantial prejudice.'")
8  (internal citation omitted).
9    The cases Wells Fargo relies upon are inapposite. In *Morongo Band of Mission Indians v.*
10 *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), the Ninth Circuit affirmed the district court's denial of
11 leave to amend based in part on prejudice where plaintiff sought to file an amended complaint two
12 years after the original complaint had been dismissed. *Id*. at 1079. In doing so, the court noted
13 that the two-year delay in and of itself was "not alone enough to support denial" but that the
14 district court did not abuse its discretion in denying the motion to amend given the "radical shift in
15 direction" of the "tenuous" claims plaintiff alleged under the Racketeer Influenced and Corrupt
16 Organizations Act in the proposed amended complaint. *Id*.; *see also Jackson v. Bank of Hawaii*,
17 902 F.2d 1385, 1388 (9th Cir. 1990) (concluding that allowing amendment would prejudice
18 defendant where the case had been "extensively litigated," there were several trial dates set, and
19 the new claims "alter[ed] the circumstances that determine the insurer's obligations to the Bank.").
20 Here, there has been no such lengthy delay and the only new claim which arises under Arizona
21 law is similar to those previously alleged under other state and federal laws. Likewise, in *Loehr v.*
22 *Ventura Cty. Cmty. Coll. Dist*., 743 F.2d 1310, 1320 (9th Cir. 1984), the Ninth Circuit noted that
23 while amendment to add "seven pendent state law claims, three new federal claims, two additional
24 defendants, and new allegations arising from the Board's defense of the preliminary injunction
25 motion" might *not* have "caused great prejudice," given that much if not all the amendment would
26 be futile, denial of leave to amend was not an abuse of discretion. *Id*. There is no suggestion here
27 that amendment would be futile and Plaintiffs only seek leave to add one claim that was not
28 alleged in the original complaint.

### 3. No Evidence of Bad Faith

Similarly, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no evidence of bad faith because appellee offered "substantial competent evidence" as to why it delayed in filing a motion to amend). While Plaintiffs were given leave in January 2021 to amend their complaint to add another representative for Plaintiff Droesch, their decision to instead contest arbitration was strategic and not in bad faith. Likewise, Plaintiffs have plausibly explained why they waited until the FLSA notice and opt-in process had begun to notify Wells Fargo of their intent to amend the complaint.

### 3. No Suggestion the Amendment Futile

Finally, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), on reh'g en banc, 681 F.3d 1041 (9th Cir. 2012) (internal quotations and citations omitted). The Court therefore "must accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6) motion. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Here, there is nothing to suggest that amendment of Plaintiffs' complaint would be futile and Wells Fargo does not argue otherwise.

\*\*\*

Accordingly, the balance of factors supports granting Plaintiffs leave to amend under Rule 15(a)(2).

### CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend the complaint is GRANTED. (Dkt. No. 66.) Plaintiffs shall file the proposed amended complaint within 3 business days.

The Court sets a further case management conference for January 13, 2022 at 1:30 p.m. The parties shall file an updated joint case management conference statement with a proposed case

schedule by January 6, 2022.

**IT IS SO ORDERED.**

Dated: December 6, 2021

                                                          JACQUELINE SCOTT CORLEY
                                                          United States Magistrate Judge