1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    DENISE DROESCH, et al.,                    Case No.  20-cv-06751-JSC

8               Plaintiffs,

                                                **ORDER RE: PLAINTIFFS' SECOND**
9        v.                                     **MOTION TO AMEND COMPLAINT**

10   WELLS FARGO BANK, N.A.,                     Re: Dkt. No. 99

11               Defendant.

12

13          Plaintiffs Denise Droesch and Shakara Thompson, on behalf of themselves and all others

14   similarly situated, brought this wage and hour collective and class action against their former

15   employer Wells Fargo Bank N.A. The Court subsequently granted Wells Fargo's motion to

16   compel arbitration as to Plaintiff Droesch and certain Opt-in Plaintiffs, and granted Plaintiff

17   Thompson's motion for conditional certification under Section 216(b) of the Fair Labor Standards

18   Act ("FLSA").  (Dkt. Nos. 40, 42.[1])  Following issuance of an FLSA opt-in notice to the 7,257-

19   person collective, Plaintiffs moved to amend complaint to add additional named plaintiffs and an

20   Arizona state law claim. (Dkt. No. 66.)   The Court granted Plaintiffs' motion.  (Dkt. No. 76.)

21   Four months later, Plaintiffs filed the now pending motion to amend the First Amended

22   Complaint.  (Dkt. No. 99.) After carefully considering the arguments and briefing submitted, the

23   Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the May 26,

24   2022 hearing, and GRANTS IN PART and DENIES IN PART the motion to amend.

25                                        **DISCUSSION**

26          A motion for leave to amend is subject to Federal Rule of Civil Procedure 15(a), which

27   _____

28   [1] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.

2  Civ. P. 15(a)(2). However, where the Court has entered a scheduling order which establishes a

3  timetable for amendment of the pleadings, the Rule 16 good cause standard applies. *Johnson v.*

4  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Here, while the Court set a

5  deadline for Plaintiff to file an amended complaint, the Court has not entered a scheduling order

6  under Rule 16 because of the unique procedural posture of the case and Defendants' forthcoming

7  summary judgment motion. Further, both parties argue that that the Rule 15 standard applies.

8        Although Rule 15(a) is "very liberal," the "court need not grant leave to amend where the

9  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

10  delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d

11  946, 951 (9th Cir. 2006). However, "a district court's discretion over amendments is especially

12  broad 'where the court has already given a plaintiff one or more opportunities to amend his

13  complaint.'" *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting

14  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); *see also Chodos v. W.*

15  *Publishing Co.*, 292 F.3d 992, 1002 (9th Cir. 2002) (citation omitted) ("[W]hen a district court has

16  already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend

17  is 'particularly broad.'"). In particular, it is within the discretion of district courts to deny leave to

18  amend when the "new" facts sought to be added were available to the plaintiff at the time of an

19  earlier pleading. *Chodos*, 292 F.3d at 1003.

20        Plaintiffs seek to amend their First Amended Complaint to (1) correct their error in

21  omitting Plaintiff Droesch from the First Amended Complaint because the Court stayed her claims

22  rather than dismissed them pending arbitration; (2) add two additional California representative

23  plaintiffs: Camen Zamarippa and Janisha Lee Price, and (3) add new claims under California law.

24  Defendant objects to Plaintiffs' proposed amendment on the basis of undue delay and prejudice.

25  The Court agrees that Plaintiffs' delay in seeking amendment to add parties and claims that they

26  were aware of, or should have been aware of, prior to the last amendment, coupled with the

27  considerable discovery the parties have undertaken in the interim and the summary judgment

28  schedule, weighs against allowing Plaintiffs to amend their complaint yet again.

**A. Plaintiffs' Undue Delay**

Plaintiffs unduly delayed in raising each basis for amendment. First, the Claims Administrator provided Plaintiffs with Ms. Zamarippa and Ms. Price's names and contact information on September 17 and November 5, respectively—before Plaintiffs filed the prior motion to amend.[2] (Dkt. No. 103-1 at ¶ 4.)  Plaintiffs' lament that they only had addresses and emails and not telephone numbers at that point is unpersuasive.  There was nothing to stop Plaintiffs from contacting Ms. Zamarippa and Ms. Price via email or mail, and indeed, Plaintiffs' counsel attests that they contacted Ms. Harrison and Ms. Goins—the two plaintiffs added to the First Amended Complaint—first via email to set up a telephone call. (Dkt. No. 104-1 at ¶ 5.) Plaintiffs thus could have contacted Ms. Zamarippa and Ms. Price and sought to add them as plaintiffs at the time of the First Amended Complaint, or at least shortly thereafter, as well.

Second, to the extent that Plaintiffs seek to add new claims alleging violation of meal and rest break requirements "driven by new law in California regarding regular rate of pay for meal premiums," Plaintiffs have not identified what the "new law" is.  (Dkt. No, 99-1 at 5.)  Defendant suggests that these claims arise out of a July 2021 decision by the California Supreme Court, *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858 (2021).  On reply, Plaintiffs indicate that they only discovered the basis for these claims while preparing Ms. Harrison for her February 2, 2022 deposition.  However, they have not explained why they did not discover the basis for these claims when they were preparing to add Ms. Harrison as a plaintiff.  *See AmerisourceBergen*, 465 F.3d at 953 ("an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.").  Plaintiffs likewise offer no explanation for why they could not have added Plaintiff Harrison's claim for unreimbursed expenses associated with working from home at the time they sought to add her as a plaintiff given Defendant's unrebutted insistence that she had been working from home since April 2020.  (Dkt. No. 103 at 13.)   *See Acri v. Int'l Ass'n*

---

[2] Plaintiffs do not dispute that they had this contact information on these dates; instead, in a reply declaration, Mr. Green attests that it was not until November 16, 2021 that "the claims administrator released the final data report, including the contact information of the nationwide Collective members." (Dkt. No. 104-1 at ¶ 4.)  Plaintiffs' attempt to obfuscate the date is not appreciated.  And in any event, it is irrelevant as even under Plaintiffs' casting, they had the contact information *before* the Court heard their motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   *of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("late amendments to

2   assert new theories are not reviewed favorably when the facts and the theory have been known to

3   the party seeking amendment since the inception of the cause of action.").

4   **B. Prejudice to Defendant**

5       The Court also finds that Defendant will be prejudiced if Plaintiffs are allowed to amend

6   their complaint again to add new plaintiffs and claims.  Since Plaintiffs filed their amended

7   complaint, the parties have engaged in substantial written discovery and depositions and

8   Defendant is scheduled to file its motion for summary judgment on June 16, 2022.  While

9   Plaintiffs correctly note that the Court retains discretion to adjust those dates, that discretion does

10  not address that amendment at this late stage would require a delay, considerable additional

11  document discovery on the new reimbursement, and meal and rest break claims, additional

12  depositions of the newly added plaintiffs, and reopening of Plaintiff Harrison's deposition.  *See*

13  *Romero v. Union Pac. R.R.*, 848 F. App'x 723 (9th Cir. 2021) ("The district court did not abuse its

14  discretion by denying Romero leave to file a third amended complaint because Romero already

15  had multiple opportunities to amend, and the addition of new claims would cause prejudice and

16  delay."); *Zivkovic v. S. California Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) ("The

17  additional causes of action would have required further discovery, which was to close five days

18  after the motion to amend was filed. The requirement of additional discovery would have

19  prejudiced Edison and delayed the proceedings.")

20  **C. Prejudice to Plaintiffs**

21      Plaintiffs make a passing argument that they will be prejudiced by denial of their motion to

22  amend as to the new meal and rest period claims because of statute of limitations issues.  (Dkt. No.

23  104 at 7.)  But Plaintiffs do not explain the statute of limitation issues or cite any legal authority,

24  and thus have failed to demonstrate any prejudice.

25              ***

26      Plaintiffs unduly delayed in seeking amendment to add claims which were known or

27  should have been known at the time of their prior motion to amend and amendment at this late

28  stage would prejudice Defendant and the Court's schedule.  The Court thus exercises its discretion

to deny the motion to amend. *Chodos*, 292 F.3d at 1003.  However, the Court grants the amendment insofar as it seeks to correct Plaintiffs' error and return Plaintiff Droesch as a named Plaintiff.  Her claims, however, remain stayed pending arbitration.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' motion to amend except to correct the omission of Plaintiff Droesch from the First Amended Complaint.  Plaintiffs shall file their second amended complaint with this change by May 27, 2022.

This Order disposes of Docket No. 99.

**IT IS SO ORDERED.**

Dated: May 25, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California