UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE DROESCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 20-cv-06751-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT LETTER**<br><br>Dkt. No. 154 |

Upon review of the parties' discovery dispute joint letter (Dkt. No. 154), the Court concludes that oral argument is not required. *See* N.D. Cal. Civ. L.R. 7-1(b).

1. Defendant must advise Plaintiff by March 2, 2023 whether "data indicating when employees logged into or out of CIV, Windows, Outlook, Jabbr, and/or Softphone/ACES can be located and produced from the SIEM." (Dkt. No. 20-6751.) If it agrees it can be produced, it shall by the same date state what it will produce. If Defendant contends it cannot be produced, then by March 9, 2023, Defendant shall have its IT specialist upon whom it relies for being unable to obtain the data meet over video conference with Plaintiff's expert, along with counsel, in an attempt to reconcile the differing beliefs.

2. Defendant shall provide Plaintiff with an initial sample class size of 100 for the information sought in the joint letter brief. (Dkt. No. 154 at 3.) Defendant's insistence that individual issues predominate and so class certification will be denied puts the cart before the horse. Further, its argument as to burden is wholly unsupported. *Rusoff v. Happy Grp., Inc.*, No. 21-CV-08084 YGR (LJC), 2023 WL 114224, at *2 (N.D. Cal. Jan. 5, 2023) (stating that the party resisting discovery "has the burden to show that

discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). After the sample size of 100 is produced, the Court can address whether more is required or whether stipulations can be entered into which obviate the need for a larger sample size.

This Order disposes of Docket No. 154.

**IT IS SO ORDERED.**

Dated: February 23, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge