MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
DAVID W. MORESHEAD (State Bar No. 305362)
david.moreshead@mto.com
CAROLINE C. LITTEN (State Bar No. 329449)
carrie.litten@mto.com
JESSICA O. LAIRD (State Bar No. 331713)
jessica.laird@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:    (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant WELLS FARGO BANK, N.A.

CHRISTINA HUMPHREY LAW, P.C.
Christina A. Humphrey (SBN 226326)
Robert N. Fisher (SBN 302919)
1117 State Street
Santa Barbara, CA 93101Telephone: (805) 618-2934
Email: christina@chumphreylaw.com; rob@chumphreylaw.com

Attorneys for Plaintiff Denise Droesch,
Shakara Thompson, Kyonna Harrison,
and other individuals similarly situated

[Additional Counsel on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE DROESCH and SHAKARA THOMPSON and KYONNA HARRISON, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A., a United States Corporation, and DOES 1 - 100, Inclusive,<br><br>  Defendants. | Case No. 3:20-cv-06751-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. Jacqueline Scott Corley<br>Date:   October 26, 2023<br>Time:   1:30 p.m.<br><br>Courtroom: E<br>Complaint Filed: Sep. 28, 2020 |

1  RICHARD E. QUINTILONE, II (SBN 200995)
   QUINTILONE & ASSOCIATES
2  22974 El Toro Road, Suite 100
   Lake Forest, CA 92630
3  Telephone: (949) 458-9675
   Facsimile: (949) 458-9679
4  Email: req@quintlaw.com

5  GESSNERLAW, PLLC
   L. Michelle Gessner (Appearance Pro Hac Vice)
6  602 East Morehead Street
   Charlotte, North Carolina 28202
7  Telephone: (844) 437-7634
   Email: michelle@mgessnerlaw.com
8
   BRADLEY/GROMBACHER, LLP
9  Marcus J. Bradley (SBN 174156)
   Kiley L. Grombacher (SBN 245960)
10 31365 Oak Crest Dr., Suite 240
   Westlake Village, CA 91361
11 Telephone: (805) 270-7100
   Facsimile: (805) 270-7589
12 Email:  mbradley@bradleygrombacher.com
           kgrombacher@bradleygrombacher.com
13
   Attorneys for Plaintiff Denise Droesch,
14 Shakara Thompson, Kyonna Harrison,
   and other individuals similarly situated

Pursuant to the Court's Order dated August 25, 2023, the parties hereby submit the following Joint Case Management Statement in advance of the Case Management Conference that is currently scheduled for October 26, 2023, at 1:30 p.m.

## I. STIPULATION TO DECERTIFY FLSA COLLECTIVE ACTION

The parties anticipate that they will submit a Joint Stipulation Decertifying the FLSA Collective and a Proposed Order in advance of the Case Management Conference. The parties have also agreed that counsel for Plaintiffs will provide the opt-in plaintiffs with notice of the dismissal without prejudice of their claims and intend to submit for the Court's review and approval an agreed-upon form of notice to the opt-in plaintiffs. The parties have further agreed that the individual claims of the opt-in plaintiffs will remain tolled until forty-five (45) days following the mailing of the notice of dismissal, after which the statute of limitations will resume running on any potential claims of the opt-in plaintiffs.

## II. STATUS OF DISCOVERY

### A. February 23, 2023 Discovery Order Regarding Employee Sample Data

On February 23, 2023, the Court resolved a discovery dispute between the parties and ordered that Wells Fargo would be required to produce up to a 100-employee sample of certain data requested by Plaintiffs.

In June 2023, the parties agreed to an informal standstill in this matter pending the issuance of an order on Plaintiff's motions for class and conditional certification in the earlier-filed *Easton v. Wells Fargo & Co., et al.* matter that was filed in the United States District Court for the Central District of California (Case No. 2:20-cv-06070-AB-RAO) in which the plaintiff asserted similar claims to those alleged in this matter. Plaintiffs agreed that if the Court in *Easton* denied class certification on predominance grounds, Plaintiffs in this case would agree to decertify the FLSA collective. Plaintiffs in this action and in other related actions also agreed not to move for class certification as to any issue or claim for which the Court in Easton denied class certification for lack of commonality or predominance.

On August 18, 2023, the Court in *Easton* issued an order denying the motions for conditional and class certification. However, the Court did not reach the issue of commonality or

predominance as to any of the claims in this case, instead ruling on standing, numerosity, and adequacy grounds.

*Plaintiffs' Position*: After the February 23, 2023, decision by the Court requiring Defendant to produce a sample of data for 100 putative class members, Plaintiffs sought information from Defendants in order to facilitate the production of that sample. However, on March 15, 2023, Defendant first told Plaintiffs that it could not identify any employees who were in the class after January 1, 2022. Defendant requested that Plaintiffs select a sample from a subset of employees that did not include the entire class period. Plaintiffs declined to select from this incomplete dataset. On March 28, 2023, Plaintiffs advised the Court of these circumstances in a Joint Statement. (ECF No. 164-1).

Thereafter, the parties focused their efforts on preparing for mediation and Defendants produced a limited subset of data for purposes of the mediation. On May 4, 2023, the parties in this action, *Easton*, and other related actions attended mediation. The mediation did not result in a settlement resolving any issue or action. As described by Defendants below, on May 19, 2023, in anticipation of a decision in *Easton* on class certification, Plaintiffs agreed to accept a random sample of 45 opt-in plaintiffs in order to reduce the burden on Defendant in producing data. Shortly thereafter, Plaintiffs and Defendants began discussions on a standstill of litigation while awaiting a decision on the class certification and FLSA step-one certification motion in *Easton*. On June 9, 2023, the parties finalized the agreement described above whereby Plaintiffs in this action would agree to proceed on an individual basis on claims for which the *Easton* Court denied class certification on commonality and/or predominance grounds.

After the decision in *Easton*, Plaintiffs and Defendant have met and conferred regarding Plaintiffs' intentions on how to proceed with the litigation. As indicated below, Plaintiffs have associated in new counsel, intend to decertify the FLSA collective, and seek to proceed with motions to certify classes of California and North Carolina classes. Plaintiffs requested that Defendants produce a sample of 100 putative class members, consistent with the Court's February 23, 2023, discovery Order, but Defendant has argued that Plaintiffs have waived their right to any class data. However, since the Court's February 23, 2023 discovery order, Plaintiffs have sought

to minimize the burdens on Defendant and limit production to that which they have determined is necessary, including the avoidance of unnecessary production of data in the face of the possibility that this case would proceed on an individual basis. Plaintiffs should not be punished for their efforts to potentially streamline the litigation and avoid unnecessary costs for both sides.

***Defendant's Position***: Following the Court's February 23, 2023 Order, in March 2023, the parties met and conferred regarding several outstanding discovery issues, including the employee data sample and certain of Wells Fargo's written discovery responses. At that time, Wells Fargo informed Plaintiffs that it was still in the process of collecting class data for the prior year and proposed that Plaintiffs select an employee sample from the class data that was available so that Wells Fargo could begin the lengthy process of collecting the employee data. Plaintiffs declined to identify an employee sample, and so Wells Fargo could not begin collecting any data at that time.

On May 19, 2023, the parties met and conferred regarding the sample, and reached an agreement that in lieu of producing the 100-employee sample ordered by the Court, Wells Fargo would instead produce data for a random sample of 45 opt-in plaintiffs to the FLSA collective. The parties also agreed that Plaintiffs reserved the right to seek a sample of 55 employees if they later chose to move for Rule 23 class certification.

After reaching the agreement with Plaintiffs regarding the sample on May 23, 2023, Wells Fargo created and then produced to Plaintiffs' counsel a list of the employee identification numbers for all of the FLSA opt-in plaintiffs and requested that counsel randomly select a 45-employee sample. After receiving no response, on May 26, 2023, Defendant wrote Plaintiffs again and requested that counsel provide the 45-employee sample so that Wells Fargo could begin the lengthy task of collecting the data. Defendant again received no response and concluded that Plaintiffs were no longer seeking production of any data.

On September 13, 2023, during a meet and confer conference regarding the status of this matter, Plaintiffs' counsel stated that Plaintiffs expect production of a sample of employee data. On September 20, 2023, Defendant reminded Plaintiffs' counsel that Wells Fargo had provided the employee identification numbers for the FLSA collective members in May 2023 and had

received no response. Defendant requested that, if Plaintiffs intended to seek the data for the 45 employees as they stated, they provide the pertinent employee identification numbers so that Wells Fargo could begin collecting the data. Plaintiffs' counsel, again, provided no response and did not identify the employee identification numbers for which they were seeking employee data.

On October 16, 2023, the parties met and conferred in advance of this Case Management Conference. Plaintiffs' counsel again raised the data sample and stated that that Plaintiffs now intend to seek the entire 100-person data sample, with the same selected by Plaintiffs from the employee identification numbers of the putative California and North Carolina class members.

As Wells Fargo has informed Plaintiffs' counsel, the collection of employee data is burdensome and time consuming. Wells Fargo first affirmatively offered to collect the employee data over five (5) months ago, but Plaintiffs' failure to select a random sample and provide it to Wells Fargo has delayed the start of collection of such data. Accordingly, it is Wells Fargo's position that Plaintiffs have waived their right to seek the employee data. It will take several months for Wells Fargo to collect the data for 100 employees (particularly in light of the upcoming holidays), and Plaintiffs should not be permitted to further delay this matter—which has already been pending for over three years—because they failed to respond to repeated efforts by Wells Fargo to comply with the Court's order and the parties' agreement related thereto. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the moving party's obligation to move towards the disposition of the matter "at a reasonable pace").

In the alternative, if Wells Fargo is required to produce any sample data, the sample size should not exceed the 55-employee sample from the Rule 23 putative class that the parties agreed to in May 2023. Too much time has passed, and this case is too old, to allow this late-stage change of course that, if allowed, would further and significantly delay resolution of this action.

B. **Written Discovery and Depositions**

During the over three years that this matter has been pending, the parties have completed all other discovery in this matter. The parties have exchanged several rounds of written discovery and have taken approximately eighteen (18) depositions. Plaintiffs have taken eight (8) Rule 30(b)(6) depositions of Wells Fargo's corporate witnesses, as well as the depositions of several of

the named Plaintiffs' current or former managers, and Wells Fargo has taken the deposition of each of the named Plaintiffs.  Wells Fargo anticipates that it may seek to take the deposition of any and all individuals who submit declarations in support of any motion for class certification filed by Plaintiffs, including any expert on whose analysis Plaintiffs rely.

*Plaintiffs' Position*:  In the Court's April 5, 2023 Order resolving several of the parties' discovery disputes (ECF No. 169), the Court granted Plaintiffs "one hour of additional 30(b)(6) testimony on how the grace period relates to/affects the policy that employees manually record their time worked."  Plaintiffs did not move forward with that deposition in the period leading into mediation and when the case was at a standstill.  Plaintiffs seek to take that deposition shortly.  The Court also ordered Defendant to produce responsive "documents that show the relationship between THE HONOR SYSTEM and the grace period."  Plaintiffs also intend to serve a notice for an additional non-cumulative 30(b)(6) topic as to why Defendant implemented a timekeeping system that does not have a time clock.  The prior 30(b)(6) depositions focused on the technical features of the timekeeping systems and the new deposition topic would focus on the broader policy issue of why the Wells Fargo implements its timekeeping systems and the policy behind it.  Finally, all discovery completed in this case to date has been predominately for purposes of opposing Defendant's Motions for Summary Judgement against the individual plaintiffs.  Plaintiffs' request the opportunity to conduct limited class certification discovery prior to the deadline for filing a motion for class certification.

*Defendant's Position*:  In its April 5, 2023 Order, the Court permitted Plaintiff to take a one-hour Rule 30(b)(6) deposition regarding "how the grace period relates to/affects the policy that employees manually record their time worked."  (ECF No. 169 at 6.)  Plaintiffs concede that they have not sought to take to that deposition since the Court issued its Order.  Defendant will meet and confer with Plaintiffs to produce a witness for one hour on a mutually-agreed upon date.

Plaintiffs for the first time assert that they intend to seek an *additional* Rule 30(b)(6) deposition related to timekeeping.  In March 2022, however, Plaintiffs took the Rule 30(b)(6) deposition of Wells Fargo employee Jason Herman on topics that included Time Tracker and Workday, the timekeeping systems used by Wells Fargo, and the Rule 30(b)(6) deposition of

Wells Fargo employee Alesha Lusk-Herron on topics that included the policies related to Wells Fargo's timekeeping practices.  Any additional depositions on these topics would be cumulative and duplicative of the Rule 30(b)(6) deposition that Plaintiffs have already taken.

The Court held a status conference on February 2, 2023, at which the Court set a deadline of March 31, 2023, for Plaintiff to file a motion for class certification.  At that conference, the Court recognized that the parties were nearly prepared to file class certification briefing and set a briefing schedule for the parties' remaining discovery disputes.  The Court later vacated the class certification deadline only upon the parties' request in advance of mediation.  It is too late now, eight months later and over three years into this litigation, to further delay this matter by seeking more discovery and additional depositions on brand new Rule 30(b)(6) topics.

### III.     MOTIONS REGARDING RULE 23 CLASS CERTIFICATION

Plaintiffs intend to seek certification of classes of California and North Carolina employees.  The parties request that the Court set a deadline for the filing of any class certification motions, and establish a schedule for subsequent briefing.

### IV.     ASSOCIATION OF NEW PLAINTIFFS' COUNSEL

On October 17, 2023, Bradley/Grombacher, LLP filed a Notice of Association in the case (ECF No. 193) and Notices of Appearance on behalf of Bradley/Grombacher, LLP attorneys will be filed shortly.

//

//

| | | |
|---|---|---|
| 1 | DATED: October 19, 2023 | CHRISTINA HUMPHREY LAW, P.C. |
| 2 | | |
| 3 | | By: _/ s / Christina A. Humphrey_ |
| 4 | | CHRISTINA A. HUMPHREY |
| | | ROBERT N. FISHER |
| 5 | | Attorneys for Plaintiffs |
| 6 | | |
| 7 | DATED: October 19, 2023 | MUNGER, TOLLES & OLSON LLP |
| 8 | | |
| 9 | | By: _/ s / David W. Moreshead_ |
| 10 | | DAVID W. MORESHEAD |
| | | Attorneys for Defendant WELLS FARGO BANK, N.A. |

ATTESTATION

I attest under penalty of perjury that the foregoing signature of Plaintiffs' counsel was obtained and affixed with permission.

By: _/ s / David W. Moreshead_
DAVID W. MORESHEAD